DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Fax: (415) 436-6748
    Wes.Samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TONETTE L. VAZQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CHAD WOLF, Acting Secretary, Department of Homeland Security (Transportation Security Administration),<br><br>    Defendant. | CASE NO. 3:18-cv-07012-JCS<br><br>**DEFENDANT'S RESPONSE TO DECHERT LLP'S MOTION TO WITHDRAW** |

**ISSUES TO BE DECIDED**
**(Local Rule 7-4(A)(3))**

1. Whether the Court should hold an *in camera* hearing with the attorneys from Dechert LLP who seek to withdraw for confidential reasons; and

2. Whether the Court should fashion any relief it might deem appropriate or necessary under the circumstances as a result of that *in camera* hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 23, 2020, Plaintiff Tonette L. Vazquez ("Plaintiff") represented by attorneys from Dechert LLP ("Dechert"), and Defendant Chad Wolf, Acting Secretary, Department of Homeland Security (Transportation Security Administration) ("Defendant") reached a Settlement In Principle following a settlement conference before the Honorable Judge Kim. *See* ECF 97; 98; 100; 101-1 at ¶¶ 6, 12; 101-2. Pursuant to that Settlement In Principle, Plaintiff, by and through her attorneys from Dechert LLP, agreed to dismiss this case, with prejudice, in exchange for fifty thousand dollars ($50,000.00) from Defendant. *See* ECF 97; 98; 100; 101-1 at ¶¶ 6, 12; 101-2.

On July 1, 2020, Plaintiff's Counsel from Dechert called Defendant's Counsel to inform Defendant's Counsel that Plaintiff Ms. Vasquez was rejecting the Settlement In Principle reached on June 23, 2020, and that Plaintiff's Counsel from Dechert intended to withdraw as counsel for Plaintiff Ms. Vasquez. *See* ECF 100; 101-1 at ¶¶ 6-16. Now Plaintiff's Counsel from Dechert have filed a Motion respectfully requesting that its lawyers be permitted to withdraw as counsel for Ms. Vasquez. ECF 101.

Dechert's Motion, however, does not identify the facts that necessitate Dechert's requested withdrawal. *See* ECF 101; *see also* 101-1. Dechert's Motion does not necessarily tie Dechert's requested withdraw to Plaintiff's averred rejection of the Settlement In Principle, nor does Dechert's Motion identify any other facts that explain why Dechert must withdraw. *See* ECF 101; 101-1. Dechert asserts that such obfuscation is necessary in view of "confidentiality obligations" to Plaintiff Ms. Vasquez, but in the absence of any information, Defendant is not in a position to meaningfully respond to either Dechert's formulaic assertion of "confidentiality" or the basis for Dechert's withdrawal. *See* ECF 101 at 1; 101-1 at ¶ 5 ("Dechert cannot reveal further details due to its duty of confidentiality to Ms. Vasquez").

Fortunately, Dechert's Motion offers to "discuss the circumstances of [its] motion with the Court *in*

*camera.*" ECF 101-1 at ¶ 5; *see also* ECF 100 at 1, 4.  Defendant agrees that an *in camera* hearing would be prudent.  *See* ABA Formal Opinion 476 at 7-8 (Dec. 2016) (available at https://www.americanbar.org/content/dam/aba/images/abanews/FormalOpinion476Final12%2013%202016.pdf) (discussing *in camera* review in similar situations); Terminating Representation, Legal Ethics, Law. Deskbk. Prof. Resp. § 1.16-2 at n.7 (2018-2019 ed.) (citing ABA Formal Opinion 476); *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.")  To assess the impact of the facts underlying Dechert's reasons for withdraw on this ongoing litigation and Defendant's contemplated motion to enforce the Settlement In Principle, Defendant requests that the Court hold an *in camera* hearing with Dechert, as suggested in Dechert's Motion.  *See* ECF 101 at 1, 4; 101-1 at ¶ 5; *see also Quintero v. Wells Fargo Bank, N.A.*, No. 13-CV-04937-JSC, 2015 WL 13427800, at *2 (N.D. Cal. Jan. 6, 2015) (Where a firm seeking withdraw declined to provide "'details that might jeopardize the attorney client privilege'" the court ordered a declaration and "[t]o the extent that the [withdrawing] Law Firm [was] concerned that such declaration [could] reveal privileged communications, it [could] request to file the declaration under seal for in camera review only."); *Carrillo v. Target Corp.*, No. C 17-05693 WHA, 2018 WL 1696876, at *2 (N.D. Cal. Apr. 6, 2018) ("At the hearing on the motion to withdraw, the undersigned judge held an in camera conference with plaintiff and Attorney DiRocco in which Attorney DiRocco elaborated on the reasons for his request to withdraw as counsel."); *Edwards v. Vemma Nutrition*, No. CV-17-02133-PHX-DWL, 2019 WL 2492253, at *2 (D. Ariz. June 14, 2019) ("[T]he Court needs more from Counsel than a vague assertion that its withdrawal motion is based on 'one or more reasons enumerated in ER 1.16.' . . . Thus, the Court will permit Counsel to file an ex parte motion under seal, explaining the reasons justifying withdrawal.")  After the *in camera* hearing the Court might impose any relief it deems appropriate or necessary in view of the underlying facts — which are unknown to Defendant.

  Subject to the foregoing, Defendant does not oppose Dechert's withdraw at least because no factual basis to do so is known to Defendant given the current record.

RESPONSE TO DECHERT'S MOTION TO WITHDRAW  2
3:18-CV-07012-JCS

DATED: July 27, 2020                    Respectfully submitted,

                                        United States Attorney

                                        */s/ J. Wesley Samples           .*
                                        J. WESLEY SAMPLES
                                        Assistant United States Attorneys

                                        Attorneys for Defendant