UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONETTE L. VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS,[1]<br><br>    Defendant. | Case No. 18-cv-07012-JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS, CONTINUING CASE MANAGEMENT CONFERENCE, AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 121 |

On June 23, 2020, the parties in this case attended a settlement conference and, in the view of Defendant Alejandro Mayorkas, Secretary of Homeland Security (the "Secretary"), reached a binding settlement. Plaintiff Tonette Vazquez, now pro se, does not believe the parties reached a binding agreement. In the aftermath of the settlement conference, the Court granted a motion by Vazquez's previous pro bono counsel to withdraw, and has since allowed Vazquez several months to attempt to retain new counsel. Vazquez now moves for appointment of new counsel, an extension of time, and to be removed from electronic filing and instead receive service by mail.

The motion to appoint counsel is DENIED for the reasons stated at the previous case management conferences. Litigants in civil cases generally have no right to appointed counsel, and attorneys willing to work pro bono (i.e., without pay) are in limited supply, and Vazquez has already been appointed pro bono counsel once. She has not shown sufficient cause to be entitled to that extraordinary relief a second time. If Vazquez cannot find an attorney to represent her, she must continue to represent herself.

It is not clear what deadlines Vazquez seeks to extend. To the extent she seeks to put off

---

[1] Former Secretary of Homeland Security Chad Wolf was previously named as the defendant in this case, but is no longer in that office. Alejandro Mayorkas was sworn in as Secretary of Homeland Security on February 2, 2021. Mayorkas therefore automatically replaces Wolf as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

the filing of the Secretary's anticipated motion to enforce the purported settlement, the Court DENIES that request. There is no indication that circumstances are likely to change if the Court grants Vazquez additional time. The case must move forward to resolve the question of whether the parties reached a binding settlement.

The Court adopts the schedule proposed in the Secretary's case management statement (dkt. 119) for a motion to enforce the purported settlement:

- The Secretary shall file a motion no later than March 26, 2021.
- Vazquez shall file an opposition brief no later than April 23, 2021.
- The Secretary shall file a reply no later than May 7, 2021.
- The Court will hold a hearing on May 28, 2021 at 9:30 AM.

The Court expresses no opinion at this time as to whether the parties reached a binding settlement, and will resolve that question only after briefing.

Vazquez is not listed on the docket of this case as an electronic filer, so her request for that status to be removed is DENIED as moot. The Clerk will continue to provide Vazquez with copies of all orders and other Court-issued filings by mail. The Secretary is instructed to serve Vazquez with all of the Secretary's filings in a manner consistent with Rule 5(b) of the Federal Rules of Civil Procedure, which may include service by mail. The Court notes that mailing may at times be delayed due to the COVID-19 pandemic, and encourages Vazquez to reconsider her decision to refuse electronic service.

The case management conference previously set for March 5, 2021 is CONTINUED to May 28, 2021 at 9:30 AM, to coincide with the hearing on the Secretary's anticipated motion. The parties shall file joint or separate case management statements no later than May 21, 2021.[2]

**IT IS SO ORDERED.**

Dated: March 3, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The parties have consented to the undersigned magistrate judge presiding over the case for all purposes pursuant to 28 U.S.C. § 636(c).