STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7073
Fax: (415) 436-6748
Wes.Samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TONETTE L. VAZQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security (Transportation Security Administration)<br><br>    Defendant. | CASE NO. 3:18-cv-07012-JCS<br><br>**DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>**Date:** May 28, 2021<br>**Time:** 9:30 am<br>**Location:** Via Zoom |

Defendant Alejandro Mayorkas, Secretary, Department of Homeland Security (Transportation Security Administration) ("the Secretary"), submits this Separate Case Management Statement pursuant Dkt. No. 113, Civil L.R. 16-9(a), and the Standing Order for All Judges of the Northern District of California.[1] This is the fifth Case Management Statement filed by the Secretary. *See* ECF 32, 68, 80, 110, 119.

1. **Jurisdiction and Service:**

The parties agree that the Court has jurisdiction over this action under 28 U.S.C. § 1331. The parties further agree that the Secretary was properly served.

2. **Facts:**

On June 23, 2020, Plaintiff Tonette L. Vazquez ("Plaintiff"), then represented by pro bono by attorneys from Dechert LLP ("Dechert"), and the Secretary reached a Settlement In Principle regarding all claims in this matter following a settlement conference before the Honorable Judge Kim. *See* ECF 97; 98; 100; 101-1 at ¶¶ 6, 12; 101-2. Pursuant to that Settlement In Principle, Plaintiff, by and through her attorneys from Dechert LLP, agreed to dismiss this case, with prejudice, in exchange for fifty thousand dollars ($50,000.00) from the Secretary. *See* ECF 97; 98; 100; 101-1 at ¶¶ 6, 12; 101-2.

On July 1, 2020, Plaintiff's counsel from Dechert called the Secretary's counsel to inform the Secretary's counsel that Plaintiff Ms. Vazquez was declining to abide by the Settlement In Principle reached on June 23, 2020, and that Plaintiff's counsel from Dechert intended to withdraw as counsel for Plaintiff Ms. Vazquez. *See* ECF 100; 101-1 at ¶¶ 6-16. On July 2, 2020, Plaintiff and the Secretary filed a Joint Stipulation to continue the Secretary's deadline to Answer until the resolution of the withdrawal of the Dechert attorneys and the Secretary's enforcement of the settlement. *See* ECF 99. Thereafter the Dechert attorneys filed a Motion to Withdraw, an *in camera* hearing was held, and the motion was granted. *See* ECF 101, 106, 108.

On November 23, 2020, the United States Attorney's Office was served with Plaintiff's Motion To Extend Time and Appoint Counsel For Plaintiff, dated November 20, 2020. *See* ECF 109. On December 4, 2020, the Court held a Case Management Conference at which it denied Plaintiff's Motion

---

[1] May 10, 2021 Plaintiff contacted the U.S. Attorney's Office to indicate she would file a serpate case management statement.

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
3:18-CV-07012 JCS                                                                                           2

to Appoint Counsel and granted Plaintiff's Motion to Extend Time, giving Plaintiff 90 days within which to attempt to retain counsel before proceeding. *See* ECF 113; *see also* ECF 110, 111. Also at that December 4, 2020 Case Management Conference, the Court indicated that it would set a briefing schedule for the Secretary's anticipated motion to enforce the settlement. *See* ECF 113; *see also* ECF 110 at 6. On March 3, 2021 the Court set a briefing schedule for the Secretary's motion to enforce the settlement. *See* ECF 125.

On March 26, 2021 the Secretary filed a Motion to Enforce Settlement Agreement. *See* ECF 126. Plaintiff filed a Response in opposition. *See* ECF 128. The Secretary filed a Reply. *See* ECF 129. The Court has set a motion hearing, including an evidentiary hearing, for May 28, 2021. *See* ECF 132.

**3.     Legal Issues:**

The most immediate legal issues for the Court to decide are detailed in the pending Motion to Enforce Settlement Agreement and associated briefing. *See* ECF 126, 128, 129.

In her Second Amended Complaint Plaintiff alleges that The Secretary is liable under Title VII of the Civil Rights Act of 1964, for discrimination on the basis of race, color, and national origin; discrimination on the basis of sex; retaliation; and hostile work environment. The Secretary denies all liability, and maintains that Plaintiff was terminated from employment with the Secretary for legitimate, non-discriminatory reasons.

**4.     Motions:**

As of the filing of this Case Management Statement the Secretary's Motion to Enforce Settlement Agreement is pending and set for hearing. *See* ECF 126, 128, 129, 132, 133.

**5.     Amendments to the Pleadings:**

Plaintiff has filed a Second Amended Complaint. *See* ECF 87. The Secretary's deadline to Answer has been continued until resolution of the pending Motion to Enforce Settlement Agreement. *See* ECF 100.

**6.     Evidence Preservation:**

The Secretary will continue to take all reasonable steps to preserve any evidence related to the issues reasonably evident in this lawsuit.

**7.     Disclosures:**

This case is subject to the Court's General Order No. 71. Pursuant to the Order, Plaintiff served Initial Discovery via hand delivery on May 16, 2019. Plaintiff's former counsel from Dechert was reviewing that discovery and planned to work with the Secretary's counsel to supplement, should it be necessary to following the June 23, 2020, Settlement Conference. A cursory review of Plaintiff's discovery suggests there are deficiencies which the Secretary will address with Plaintiff if this case proceeds beyond a Motion to Enforce.

The Secretary served Initial Discovery on May 16, 2019 pursuant to General Order 71.

**8.   Discovery:**

Beyond the initial discovery served pursuant to General Order No. 71 there has been no other discovery as of yet. If this case goes forward, the Secretary (previously in agreement with Plaintiff's former counsel from Dechert) proposes no limitations or modifications of the discovery rules, including the 25-interrogatory limit under Fed. R. Civ. P. 33 and the 10-deposition limit under Fed. R. Civ. P. 30. *See* Dkt. No. 68 at 3. Additionally, if this case goes forward, the Secretary expects expert discovery will be necessary in view of Plaintiff's allegations related to a seizure, emotional distress, and medial injuries. *See* Dkt. No. 87 at ¶¶ 3, 60, 61, 63, 80, 91, 98, 107, 110, 113.

**9.   Class Action:**

This is not a class action case.

**10.   Related Cases:**

There are no related cases.

**11.   Relief Sought:**

The Secretary seeks to enforce the settlement.

Plaintiff's Second Amended Complaint requests the following relief:

1)   Equitable relief including front pay and back pay;

2)   Compensatory damages;

3)   Costs and attorneys' fees permitted by law;

4)   Pain and suffering;

5)   Any other relief the Court deems proper.

The Secretary denies any liability, and seeks a complete defense judgment, dismissal, and costs. The Secretary contends that damages should be calculated according to proof if liability is established. The Secretary contends that compensatory damages are capped pursuant to 42 U.S.C. § 1981a (b)(3)(D). The Secretary further contends that any award is subject to Plaintiff's duty to mitigate damages, and offsets or deductions for, *inter alia*, payment from federal sources.

### 12. Settlement and ADR:

As noted above, on June 23, 2020, the parties participated in a successful Settlement Conference before Judge Kim. On July 1, 2020, Plaintiff's former counsel from Dechert called the Secretary's counsel to inform the Secretary's counsel that Plaintiff Ms. Vazquez was declining to abide by the Settlement In Principle reached at that Settlement Conference. Plaintiff has never explained to the Secretary why she is declining to abide by the Settlement.

Additionally, on July 23, 2019, the Secretary and Ms. Vazquez, without counsel present, participated in a Settlement Conference before Judge Kim. That July 23, 2019 Settlement Conference did not result in resolution.

### 13. Consent to Magistrate for All Purposes:

The parties have consented to Magistrate Judge Joseph C. Spero for all purposes.

### 14. Other References:

None at this time.

### 15. Narrowing of Issues:

No proposals designed to narrow the issues have been discussed or agreed-to at this time.

### 16. Expedited Schedule:

The Secretary believes, and Plaintiff previously by and through her withdrawn counsel agreed that, the Expedited Trial Procedure of General Order No. 64, Attachment A, is not appropriate for this action.

### 17. Scheduling:

In view of the pending Motion to Enforce Settlement Agreement and forthcoming May 28, 2021 evidentiary hearing, which may require additional witnesses at a later date, the Secretary proposes that setting any further deadlines at this juncture would be premature. *See* ECF 132. In the event that the

Motion to Enforce is denied, then the Secretary would welcome the opportunity to propose a further schedule, including a deadline by which to answer.

**18. Trial:**

The Secretary anticipates this matter can be resolved with a Motion to Enforce Settlement Agreement, such that considerations regarding trial are premature at this time.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. The Secretary is exempt from this requirement.

**20. Professional Conduct:**

Counsel for the Secretary has reviewed the Guidelines for Professional Conduct.

**21. Such Other Matters That May Facilitate Just, Speed, and Inexpensive Disposition:**

None at this time.

DATED: May 21, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ J. Wesley Samples*
J. WESLEY SAMPLES
Assistant United States Attorneys

Attorneys for Defendant