UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONETTE L. VAZQUEZ,<br>  Plaintiff,<br>  v.<br>ALEJANDRO MAYORKAS,<br>  Defendant. | Case No. 18-cv-07012-JCS<br><br>**ORDER REGARDING VARIOUS MOTIONS**<br><br>Re: Dkt. Nos. 171, 177 |

  Plaintiff Tonette Vazquez, pro se, filed a document on August 31, 2021 (dkt. 171) opposing proceeding with an evidentiary hearing set for October 19, 2021, requesting corrections to transcripts, and requesting appointment of counsel.[1] On September 20, 2021, Ms. Vazquez filed a motion (dkt. 177) to correct transcripts, appoint counsel, and continue the evidentiary hearing to an unspecified date.

  The only specific defect Ms. Vazquez has identified in any transcript is that in some instances, her name is spelled incorrectly in a transcript of the August 21, 2020 hearing on her former attorneys' motion to withdraw as counsel (dkt. 148). Ms. Vazquez's name is spelled correctly in transcribing when participants mentioned it, but it is erroneously spelled "Vasquez" in designating when Ms. Vazquez spoke. The court reporter is requested to prepare and file a corrected copy of that transcript, which the Clerk shall mail to Ms. Vazquez.

  As Ms. Vazquez acknowledges in her request, her name is spelled correctly in the transcripts of the June 23, 2020 settlement conference (dkt. 168), the December 4, 2020 hearing and case management conference (dkt. 117), and the May 28, 2021 evidentiary hearing (dkt. 153).

---

[1] Ms. Vazquez also noted that she had not yet received a copy of the August 20, 2021 hearing and case management conference, but that transcript was prepared and mailed to Ms. Vazquez in due course after she filed her request. *See* dkt. 175.

Other than the spelling of her name, Ms. Vazquez asserts that "there are obviously many sections missing conversation during hearings in the transcripts as well as spelling and words that looked as if they were put in, in some areas." Dkt. 171 at 3; *see also* dkt. 177 ("I also noticed that the Hearings Court transcripts also had typos and cut offs conversations during the beginning, middle, and ends of conversations."). These vague objections are not sufficient grounds to alter a transcript that has been certified as accurate by a court reporter. The only particular omission Ms. Vazquez notes is that the transcript of the June 23, 2020 settlement conference does not include the parties' negotiations before a purported final agreement was placed on the record. As the Court has previously explained, negotiations during settlement conferences are not on the record. No recording of those negotiations exists, and no transcript can be prepared. Accordingly, other than the spelling of her name in the August 21, 2020 transcript, Ms. Vazquez's requests for correction of transcripts are DENIED.

As the Court has previously explained, the evidentiary hearing set for October 19, 2021 is necessary to determine whether Ms. Vazquez's then-attorneys were authorized to enter a settlement agreement on her behalf, and thus whether Defendant's motion to enforce that agreement should be granted. The Court is aware that Ms. Vazquez feels unable to proceed with the evidentiary hearing, but she was given two months to prepare, and it does not appear that circumstances would change in any material way if the hearing were continued. Ms. Vazquez has not identified any particular scheduling conflict that would prevent her from appearing as scheduled. The request to continue the hearing is therefore DENIED, and it will proceed as scheduled on October 19, 2021 at 8:30 AM via Zoom.

Ms. Vazquez's requests to appoint new counsel for her are once again DENIED, for the reasons stated by the Court denying previous similar requests.

**IT IS SO ORDERED.**

Dated: September 21, 2021

JOSEPH C. SPERO
Chief Magistrate Judge